IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHEIDA HUKMAN | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5810 |
| | : | |
| AMERICAN AIRLINES, INC. | : | |

## MEMORANDUM

**Juan R. Sánchez, C.J.**                                                                   **February 10, 2020**

Pro se Plaintiff Sheida Hukman brings this action against her former employer Defendant American Airlines, Inc. (American). Hukman alleges American discriminated and retaliated against her based on her national origin in violation of a collective bargaining agreement (CBA) that American had with her union—Communication Workers of America (the Union). Because Hukman's instant claim is duplicative of the claims she brought in *Hukman v. US Airways/American Airlines*, Civil Action No. 17-741 (E.D. Pa. filed Feb. 16, 2017) (*Hukman I*) and is barred by the doctrine of res judicata, the Court will dismiss this case with prejudice. The Court further places Hukman on notice that, if she continues to file actions relating to her firing from American, the Court will enjoin her from filing additional complaints without the Court's approval

**BACKGROUND**

Hukman identifies as a Middle Eastern female of Kurdish descent from Iraq. In 2007, Hukman began working as a customer service agent at the American service desk at McCarran Airport. In early 2010, Hukman was transferred to the Philadelphia International Airport. Hukman continued in this position until she was suspended from service pending the completion of certain return-to-work conditions in 2012. On December 10, 2015, having failed to comply with the return-to-work conditions, Hukman was fired.

On February 16, 2017, Hukman filed suit in this Court alleging American discriminated and retaliated against her based on her national origin in violation of Title VII of the Civil Rights Act of 1964 (Title VII). In addition to American, Hukman sued Republic Airways Holdings, Inc., and several American employees. The Court subsequently dismissed all defendants except for American. On July 5, 2018, American moved for summary judgment on Hukman's claims. The Court granted American's motion for summary judgment and entered judgment in favor of American on March 25, 2019. On December 31, 2019, the Third Circuit affirmed the Court's grant of summary judgment in American's favor.

Prior to the Third Circuit's decision, on December 9, 2019, Hukman filed the instant action against American. Like in *Hukman I*, this case arises out of the same facts and Hukman again alleges American discriminated against her based on her race and national origin. Hukman, however, now styles her claim as a breach of the CBA that American had with the Union.

**DISCUSSION**

Because Hukman's claim is duplicative of the claims she brought in *Hukman I* and is barred by the doctrine of res judicata, the Court will dismiss the this case with prejudice.

The Court has the power to sua sponte dismiss Hukman's action based on res judicata. While there is no precedential authority in the Third Circuit directly on point, guidance from nonprecedential Third Circuit authority suggests that district courts have the power to sua sponte dismiss an action if res judicata applies. *See Atwell v. Metterau*, 255 F. App'x 655, 657 (3d Cir. 2007) ("[A] court may *sua sponte* dismiss an action on [the ground of res judicata] where the court is on notice that it previously decided the issue presented." (citing *Arizona v. California*, 530 U.S. 412 (2000))); *King v. East Lampeter Twp.*, 69 F. App'x 94, 96 (3d Cir. 2003) (affirming the district court's sua sponte dismissal of a pro se action based on res judicata). Following this guidance, courts in this Circuit have often sua sponte dismissed actions barred by res judicata. *See, e.g.*,

*Pasqua v. County of Hunterdon*, No. 15-3501, 2017 WL 5667999, at *9 n.10 (D.N.J. Nov. 27, 2017) (collecting cases); *Preston v. Vanguard Invest. Firm,* No. 17-820, 2017 WL 2664139, at *2-3 (E.D. Pa. June 20, 2017) (citing *King* and dismissing claims sua sponte based on res judicata). The result in these cases also comports with the goals of res judicata—to avoid wasting judicial resources and prevent defendants from having to respond to multiple vexatious lawsuits. *See Marmon Coal Co. v. Dir., Office of Workers' Comp. Programs*, 726 F.3d 387, 394 (3d Cir. 2013). Accordingly, the Court finds it has the power to sua sponte dismiss an action barred by res judicata.

Res judicata, or claim preclusion, bars an action when three elements are present: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016) (quoting *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)). In determining whether these elements are present, the Court "focus[es] on the central purpose of the doctrine, to require a plaintiff to present all claims arising out [of] the same occurrence in a single suit." *Id.* (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 277 (3d Cir. 2014) (second alteration in original), *cert. denied*, 135 S. Ct. 1738 (2015). Res judicata "bars not only claims that were brought in a previous action, but also claims that could have been brought." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008).

Turning to the instant case, all three res judicata elements are met. First, the affirmed March 25, 2019, order granting American's motion for summary judgment in *Hukman I* is a final judgment on the merits. *See, e.g.*, *Gupta v. Wipro Ltd.*, 749 F. App'x 94, 96 (3d Cir. 2018) (finding a final judgment on the merits existed where the district court granted summary judgment on the plaintiff's claims and the Third Circuit affirmed the ruling). The second element—whether the prior suit involved the same parties—is met because *Hukman I* and the instant action were both filed against American.

Finally, the third element is met because the instant action is based on the same cause of action as *Hukman I*. "In deciding whether two suits are based on the same 'cause of action,' [courts] take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999) (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 984 (3d Cir. 1984)). The mere fact that a plaintiff asserts a different theory of recovery or seeks different relief in the later action does not save a plaintiff's action from res judicata. *Id.* When deciding whether a case involves the same cause of action, the Court analyzes:

> (1) whether the acts complained of and the demand for relief are the same . . . ; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same . . . ; and (4) whether the material facts alleged are the same.

*Athlone*, 746 F.2d at 984.

Analyzing these factors, the Court finds that the instant claim is based on the same cause of action as *Hukman I*. Hukman's instant claim for breach of the CBA arises out of the *exact same* facts as *Hukman I*, and she seeks similar relief—monetary damages.[1] While the theory of recovery is different, i.e., recovery under Title VII versus recovery for breach of contract, this consideration ultimately weighs in favor of res judicata as Hukman invoked the same CBA provisions in support of her Title VII claims in *Hukman I*. Last, *Hukman I* and the instant action require the same documents and witnesses, and the material facts alleged are the same because they all relate to the same alleged discriminatory conduct of American and various American employees. Based on the foregoing, the Court finds that the instant action is fundamentally indistinguishable from *Hukman I* and "based on the same cause of action." *See Gupta*, 749 F. App'x at 97 (finding plaintiff's action

---

[1] The Court notes that Hukman also sought reemployment with American and a promotion in *Hukman I*.

was barred by res judicata even though the plaintiff alleged additional and different theories of recovery because the facts supporting the new claims existed at the time of the original action). As a result, all three elements of res judicata having been met, the instant action is barred by res judicata and will be dismissed with prejudice. *See King*, 69 F. App'x at 96.

Because Hukman has filed essentially the same case twice, the Court will consider whether an injunctive filing bar is appropriate. While the Court declines to impose a filing bar at this time, the Court places Hukman on notice that, if she continues to file actions relating to her firing from American, the Court will enjoin her from filing additional complaints without the Court's approval.

In the Third Circuit, district courts have the authority to "issue an injunction under the All Writs Act, 28 U.S.C. § 1651(a), to require litigants who have engaged in abusive, groundless, and vexatious litigation to obtain approval of the court before filing further complaints." *See Bush v. Phila. Police Dep't*, 387 F. App'x 130, 133 (3d Cir. 2010) (citing *Chipps v. U.S.D.C. for M.D. of Pa.*, 882 F.2d 72 (3d Cir. 1989)). "A district court is entitled to resort to its powers of injunction and contempt to protect its process when it is confronted with a pattern of conduct that is abusive and when it believes that the abusive conduct will continue if not restrained." *Bush*, 387 F. App'x at 133 (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 331 (3d Cir. 1990)).

By filing the instant, duplicative action, Hukman has abused the judicial process and engaged in vexatious litigation. Nevertheless, at this time, the Court has no reason to believe Hukman's conduct will continue. Therefore, the Court will not issue a filing injunction at this time. The Court will do so, however, if she continues to file actions relating to her firing from American. *See Abdul-Akbar*, 901 F.2d at 333.

**CONCLUSION**

In sum, because the instant action is barred by res judicata, the Court will dismiss it with prejudice. If Hukman continues to file actions relating to her firing from American, the Court will enjoin her from filing additional complaints without the Court's approval.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.